CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff


H. Ty Kharazi, Esq. - SBN 187894
YARRA LAW GROUP
2000 Fresno Street, Suite 300
Fresno, California 93 721
Telephone: (559) 441-1214
Facsimile: (559) 441-1215

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Rafael Arroyo, Jr.**,<br><br>Plaintiff,<br><br>v.<br><br>**Chase Inc.**, a California Corporation; and Does 1-10,<br><br>Defendants. | Case No. 1:18-cv-01675-LJO-BAM<br><br>**Joint Report (Rule 26) for Scheduling Conference**<br><br>Date: May 6, 2019<br>Time: 9:00 a.m.<br>Crtrm: #8<br><br>Honorable Judge Barbara A. McAuliffe |

    Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Order Re Request to Continue Scheduling Conference filed March 18, 2019, the parties hereby submit the following Joint Report.

## 1. Factual and Legal Contentions

<u>Plaintiff</u>: Rafael Arroyo, Jr. is a paraplegic who cannot walk and who uses a wheelchair for mobility. Defendant Chase Inc. owns the real property located at or about 25206 W. Dorris Avenue, Coalinga, California. Defendant Chase Inc. owns Valero located at or about 25206 W. Dorris Avenue, Coalinga, California.

At each of the fuel dispenses, there were buttons and LCD screens for use by customers. Unfortunately, the controls and operating mechanisms for the transaction screen were located between 57 inches and 60 inches above the surface of the vehicular way. They exceeded the maximum height/reach requirements of the law. Additionally, the controls and operating mechanisms for the card readers were located about 56 inches above the surface of the vehicular way. They exceeded the maximum height/reach requirements of the law. Although there were shelves and merchandise aisles open to customers for shopping, some of the paths of travel in and throughout these merchandise aisles were not accessible to wheelchair users because defendants had a practice of placing merchandise and merchandise display on the route of travel restricting passage to less than 36 inches in width. In fact, the narrowest path of travel inside the Gas Station store was about 27 inches wide. This is too narrow for wheelchair users.

The defendant's failure to ensure that the operable parts met the height requirement and the inaccessible path of travel at Valero is a violation of the ADA and is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act, and therefore, he seeks injunctive relief and statutory minimum damage award.

<u>Defendant</u>: Defendant denies that Mr. Arroyo visited the site. Defendant claims that Arroyo's agent made a drive by the station, snapped

photos and filed a lawsuit as a common scheme to extort fees from California businesses.

Defendant denies its facility was in violation of ADAAG and will provide a CASp certification to that effect at cross summary motion stage.

**2. Amendments**

Plaintiff: Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

Defendant: Defendant will cooperate with Plaintiff's inspection request and will provide its own CASp certification. Moreover, Defendant will provide proof that Plaintiff never encountered any barriers at the site, or that Plaintiff has no intention of returning and reusing the site.

**3. Uncontested and Contested Facts**

Uncontested Facts –
  i. Defendant Chase Inc. owns the real property and Valero located at or about 25206 W. Dorris Avenue, Coalinga, California.
  ii. The Court has jurisdiction over the claims brought in the Complaint.
  iii. The supplemental jurisdiction is appropriate.
  iv. The venue is proper.

//

Contested Facts –
  i. Whether Plaintiff was denied full and equal access to the programs and services offered to members of the public at Valero.
  ii. Whether the failure to ensure that the operable parts met the height requirement and the inaccessible path of travel at Valero which is the subject of this litigation, meets the minimum requirements of the Americans with Disabilities Act of 1990 ("ADA") and related state anti-discrimination laws.
  iii. Whether Defendants discriminated against Plaintiff on the basis of his alleged disability.
  iv. Whether Plaintiff visited the site;
  v. Whether Plaintiff encountered any barrier;
  vi. Whether Plaintiff has intentions to return and reuse the site;
  vii. Whether Defendant acted intentionally toward Plaintiff.

**4. Legal Issues**

**Undisputed Legal Issue – Jurisdiction & Venue**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**Disputed Legal Issues**

The disputed legal issues are:

(1) Whether Defendants are responsible under the law to remove the barriers; (2) whether Plaintiff has standing to seek either damages or injunctive relief; (3) whether the barriers are readily achievable to remove; and, (4) the nature and extent of damages, if any; (5) whether Plaintiff has a valid State law claim; (6) whether Plaintiffs Federal claims are moot.

**5.   Pending Matters Status**

<u>Plaintiff:</u> No matters currently pending.

<u>Defendants</u>: Plaintiff has filed over 100 ADA cases and is a serial ADA filer. To that extent, Plaintiff has many pending matters. This particular Plaintiff was formerly represented by Raymond G. Ballister, Jr., Esq. ,CENTER FOR DISABILITY ACCESS 9845 Erma Road, Suite 300, San Diego, CA 92131 and has filed hundreds of lawsuits in the State Court with assistance of Mr. Ballister, including suing this particular defendant in the past. That lawsuit was resolved by way of Summary Judgment in favor of Plaintiff in Kern Superior Court.

**6.   Discovery Plan**

The parties agree as follows:

| A] | Date For The Exchange of Initial Disclosures | 05/07/2019 |
|---|---|---|
| B] | Cut-Off Date for Non−Expert Discovery | 03/30/2020 |
| C] | Disclosure of Expert Witnesses | 03/09/2020 |

| | | |
|---|---|---|
| D] | Cut-Off Date for Expert Witness Discovery | 4/20/2020 |
| E] | Any Proposed Changes in the Limits On Discovery | None |
| F] | Whether the parties anticipate the need for a Protective Order | To the extent financial records may be necessary to show feasibility of remedies. |
| G] | Any issues or proposals relating to the timing; sequencing, phasing or scheduling of discovery; | None Anticipated |
| H] | Discovery Outside the United States | None |
| I] | Video and/or Sound Recording of Depositions | Defendant may complete a video deposition of Plaintiff. |

**7.     Electronic Media Discovery**

Although the parties do not anticipate any issues with respect to electronic discovery, the parties agree as follows:

Any electronically stored information may be produced in tangible form in an organized manner on CDs or DVDs in readable format for standard programs for Windows-based operating systems (e.g., Microsoft Windows, Adobe Acrobat, etc.) in its native format. In addition, at the election of a party, with the consent of the other party, not to be unreasonably withheld, and considering the volume of information to be exchanged, the producing party

may elect to produce such information by printing the files as documents and Bates numbering the documents.

In any event, the parties agree to produce information in a manner such that it may be easily retrieved and identified by the receiving party and the Court.

Defendants believe Plaintiffs runners may have photographed the site and requests those photographs both in prints and digital format.

**8.  Other Dates and Deadlines**

The parties agree on the following deadlines:
- a) Filing Non–Dispositive Motions –March 16, 2020
- b) Filing Dispositive Pre–Trial Motions – May 11, 2020
- c) Pre–Trial Conference date – June 29, 2020
- d) Trial Date – July 14, 2020

**9.  Settlement**

<u>Plaintiff</u>: believes that a court-convened settlement conference is a good idea but not until some discovery is completed. Plaintiff is stipulating referral of this action to the Voluntary Dispute Resolution Program (VDRP) pursuant to Local Rule 271.

<u>Defendant</u>: Defendants believe that a court supervised settlement conference at the early stage, before the discovery, has the best chance of resolution and Defendants are prepared to participate in one which is supervised by a magistrate judge.

//

**10. Jury v. Court Trial**

Plaintiff: has requested for a court trial.

Defendant: request a 4 day jury trial.

**11. Trial Time Estimate**

Plaintiff: anticipates a 2-3 day trial.

Defendant: Request a 4 day jury trial.

**12. Bifurcation, etc.**

The parties have no proposals concerning severance, bifurcation or phasing of trial.

**13. Related Matters**

Plaintiff: Plaintiff is unaware of any related matters.

Defendant: This particular Plaintiff was formerly represented by Raymond G. Ballister, Jr., Esq. ,CENTER FOR DISABILITY ACCESS 9845 Erma Road, Suite 300, San Diego, CA 92131 and has filed hundreds of lawsuits in the State Court with assistance of Mr. Ballister, including suing this particular defendant in the past. That lawsuit was resolved by way of Summary Judgment in favor of Plaintiff in Kern Superior Court in 2013. There are no other actions pending between the parties other than this one.

Dated: April 29, 2019  CENTER FOR DISABILITY ACCESS


By: */s/Dennis Price*
Dennis Price
Attorney for Plaintiff


Dated: April 29, 2019  YARRA LAW GROUP


By:
H. Ty Kharazi, Esq.
Attorney for Defendant

resolved by way of Summary Judgment in favor of Plaintiff in Kern Superior Court in 2013. There are no other actions pending between the parties other than this one.

Dated: April 24, 2019          CENTER FOR DISABILITY ACCESS

By:
Dennis Price
Attorney for Plaintiff

Dated: April 26, 2019          YARRA LAW GROUP

By:
H. Ty Kharazi, Esq.
Attorney for Defendant

# EXHIBIT A

## PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Parties Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 1/20/2020 |
| Non-Expert Discovery Cut-Off | 15 | 3/30/2020 |
| Expert Discovery Cut-Off | 12 | 4/20/2020 |
| Last Day to Conduct Settlement Proceedings | 10 | 5/4/2020 |
| Last Day for Law and Motion Hearings | 8 | 5/18/2020 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 6/29/2020 |

Joint Report of Counsel          1:18-cv-01675-LJO-BAM

# EXHIBIT A
# PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Parties Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 1/20/2020 |
| Non-Expert Discovery Cut-Off | 15 | 3/30/2020 |
| Expert Discovery Cut-Off | 12 | 4/20/2020 |
| Last Day to Conduct Settlement Proceedings | 10 | 5/4/2020 |
| Last Day for Law and Motion Hearings | 8 | 5/18/2020 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 6/29/2020 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 7/6/2020 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 7/10/2020 |
| Trial **(Tuesday at 9:00 a.m.)** | | 7/14/2020 |